UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____X
HEARGEAR, LLC,                         )
                                       )
            Plaintiff,                 )    Case No.: 18-cv-7098
                                       )
      v.                               )    Judge:
                                       )
180s LLC and                           )
PATRIARCH PARTNERS, LLC                )
                                       )
            Defendants.                )
_____X

## COMPLAINT

Heargear, LLC ("Plaintiff" or "Heargear"), by its attorneys, as and for its Complaint herein against the defendants 180s LLC ("180s") and Patriarch Partners, LLC ("Patriarch") (collectively the "Defendants"), allege the following:

### Jurisdiction and Venue

1. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281 and 283.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1338(a), as this action arises under an Act of Congress relating to patents.

3. Venue is properly established in this Court pursuant to 28 U.S.C. §§1391(b) and (c) and/or 1400, as, upon information and belief, the Defendants are deemed to reside in this Judicial District and/or have engaged in acts of infringement within the jurisdiction of this Court, including this Judicial District, which acts are the subject of this Complaint and Defendants have a regular and established place of business in this District.

**Parties**

4. Plaintiff, Heargear, LLC is a limited liability company with an address at 1177 California Street, 1432, San Francisco, California 94108.

5. Defendant, 180s LLC is a Maryland limited liability company with its principal place of business at 1 Liberty Plaza, New York, NY 10006.

6. Defendant, Patriarch Partners LLC is a Delaware company with its principal place of business at 1 Liberty Plaza, New York, NY 10006.

**Count I
Patent Infringement
Claims 1, 2, 4, 7-9, 11, 12, 14-17, 20, 22-35, 37-41, 43-46, 48-57 and 59 of the '330 Patent**

7. On February 23, 2010, the United States Patent and Trademark Office issued United States Patent No. 7,668,330 (the "'330 Patent" a copy of which is attached as Exhibit A). The '330 Patent issued to inventors David R. Siskin and Joel A Schechter ("Inventors").

8. Plaintiff is the exclusive assignee of the '330 Patent and has been granted all right, title and interest in and to the '330 Patent.

9. Upon information and belief, the Defendants, well knowing of the '330 Patent, have been infringing the '330 Patent by offering for sale and selling one or more ear warming headphone devices which infringe upon claims 1, 2, 4, 7-9, 11, 12, 14-17, 20, 22-35, 37-41, 43-46, 48-57 and 59 of the '330 Patent, including Defendants' "Men's Bluetooth Ear Warmer," "Men's Discovery Ear Warmer," "Men's Tec Fleece Ear Warmer," "Men's Urban Ear Warmer," "Women's Discovery with Headphones," "Women's Lush With Headphones," "Men's and Women's Unisex Bluetooth Ear Warmer," and/or "Women's Tahoe Ear Warmer," as well as earlier versions of these products.

10. These infringing articles, as alleged above, have not been manufactured or authorized in any manner by Plaintiff, nor have the Defendants ever been authorized or otherwise granted the right to manufacture, offer for sale, sell or otherwise distribute devices made according to the '330 Patent.

11. The Defendants had notice of their infringement, as prescribed in 35 U.S.C. §287, and upon information and belief have willfully infringed the alleged claims of the '330 Patent.

12. Upon information and belief, Defendants will continue to infringe the '330 Patent, to the irreparable damage of Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law, and will continue to suffer harm, including monetary harm, unless the unlawful infringement is enjoined by this Court.

## Count II
## Patent Infringement
## Claims 5, 6, 12 and 13 of the '878 Patent

13. On May 16, 2017, the United States Patent and Trademark Office issued United States Patent No. 9,654,878 (the "'878 Patent" a copy of which is attached as Exhibit B). The '878 Patent issued to inventors David R. Siskin and Joel A Schechter ("Inventors").

14. Plaintiff is the exclusive assignee of the '330 Patent and has been granted all right, title and interest in and to the '878 Patent.

15. Upon information and belief, the Defendants, well knowing of certain claims of the '878 patent, have been infringing the '878 Patent by offering for sale and selling one or more ear warming headphone devices which infringe upon claims 5, 6, 12 and 13 of the '878 Patent, including

Defendants' "Men's Bluetooth Ear Warmer," "Men's Discovery Ear Warmer," "Men's Tec Fleece Ear Warmer," "Men's Urban Ear Warmer," "Women's Discovery with Headphones," "Women's Lush With Headphones," "Men's and Women's Unisex Bluetooth Ear Warmer," and/or "Women's Tahoe Ear Warmer," as well as earlier versions of these products.

16. These infringing articles, as alleged above, have not been manufactured or authorized in any manner by Plaintiff, nor have the Defendants ever been authorized or otherwise granted the right to manufacture, offer for sale, sell or otherwise distribute devices made according to the '878 Patent.

17. The Defendants had notice of their infringement, as prescribed in 35 U.S.C. §287, and upon information and belief have willfully infringed the alleged claims of the '878 Patent.

18. Upon information and belief, Defendants will continue to infringe the '878 Patent, to the irreparable damage of Plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law, and will continue to suffer harm, including monetary harm, unless the unlawful infringement is enjoined by this Court.

**WHEREFORE,** Plaintiff requests that this Court grant Judgment in its favor, and award it the following relief:

1. Declare that the Defendants' acts and conduct infringe claims 1, 2, 4, 7-9, 11, 12, 14-17, 20, 22-35, 37-41, 43-46, 48-57 and 59 of the '330 Patent and claims 5, 6, 12 and 13 of the '878 Patent and the exclusive rights in said patents held by Plaintiff;

2. Declare that such infringement was willful;

3. Pursuant to 35 U.S.C. §283, enter injunctive relief against Defendants which:

      a.     Enjoins the Defendants, their officers, agents, employees, privies, subsidiaries, successors, and assigns and all holding by, through or under them, and all those acting for them or in their behalf, from infringing upon the '330 Patent and the '878 Patent; and

      b.     Enjoins the Defendants, their directors, officers, agents, employees, representatives, and all other persons in active participation with them, to recall from all distributors, wholesalers, retailers and all others known to Defendants, all products which infringe upon the '330 and '878 Patents, and requires Defendants to file with this Court and to serve upon the Plaintiff, within 30 days after service of the Court's Order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's Order;

4.     Require the Defendants to account to Plaintiff for all profits and expenses realized by Defendants and any subsidiaries of Defendants;

5.     Pursuant to 35 U.S.C. §284, award the Plaintiff damages adequate to compensate for the infringement, but in no event less than a reasonable royalty, together with interest and costs, taking account of Plaintiff's actual damages and Defendants' profits as a result of the infringement;

6.     Pursuant to 35 U.S.C. §284, order that any award of damages be trebled;

7.     Pursuant to 35 U.S.C. §285, find that this case is exceptional and award the Plaintiff reasonable attorney fees as the prevailing party.

8.     Grant such other and further relief as the equity of the case may require and as this Court may deem just and proper, together with costs and disbursements of this action, including attorneys fees.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, a jury trial is hereby requested on all issues triable of right by jury.

                                     Respectfully Submitted,
                                     The Plaintiff,

                    By:    s/ Jeffrey A. Lindenbaum
                                     Jeffrey A. Lindenbaum (JL-1971)
                                     Jess M. Collen (JC-2875)
                                     Michael Nesheiwat (MN-0453)
                                     COLLEN *IP*
                                     The Holyoke-Manhattan Building
                                     80 South Highland Avenue
                                     Ossining, NY 10562
                                     (914) 941-5668 Tel.
                                     (914) 941-6091 Fax.
                                     jlindenbaum@collenip.com

Dated: August 7, 2018